LAWRENCE P. FARLEY, Respondent, *v.* THE MAYOR, etc., OF THE CITY OF NEW YORK, Appellant.

(New York Superior Court — General Term, December, 1895.)

1. NEGLIGENCE — FIREMEN.

Firemen, upon entering the service, assume the attendant risks of the service, including those incident to quickness in getting to fires.

2. SAME — FAST DRIVING.

Section 1932 of the Consolidation Act, prohibiting driving in the city at a greater rate of speed than five miles an hour, is binding on the fire department.

3. SAME.

While driving a hose cart to a fire plaintiff was thrown therefrom and permanently injured, while driving through a dark street, by a collision with a truck which was stored in the street, and was retired on half pay. *Held*, that his act in driving at the rate he did was a violation of section 1932 of the Consolidation Act, and that his injury was one of the risks incident to his employment compensated for by his pension, and that he could not recover against the city therefor.

APPEAL by defendant from judgment entered on verdict in favor of plaintiff, and from order denying motion for new trial.

*Francis M. Scott* and *T. Connoly*, for appellant.

*A. & C. Steckler*, for respondent.

McADAM, J. The plaintiff was a fireman attached to Engine Company No. 20, being driver of the hose cart which

5

formed part of the company's outfit.   On November 20, 1892,
upon the receipt at company's quarters of an alarm of fire
about half-past one A. M., he got into his seat and drove
towards the fire as fast as he could, going through Marion
street into Broome, east towards the Bowery.   It was dark
and he could see nothing in front of him.   While driving
through Broome street the hose cart struck a truck stored
upon the street, and the plaintiff was thrown to the ground,
sustaining injuries from which he may never recover.   He
sued the municipality and recovered a verdict for $7,500,
which, under the circumstances, is not excessive. .

The action was brought not on the theory of nuisance, but
because of the defendant's alleged negligence in allowing the
truck to remain in the driveway after the expiration of a time
sufficient to imply notice to it of its presence there.

Assuming that the city would be liable to a person using the
highway in a prudent manner, the question remains whether
the plaintiff, an employee of one of the departments of the
municipality, is entitled to recover under the circumstances.

A fireman's calling is hazardous, and when he enters the
service it must be assumed that he takes upon himself all the
attendant risks.   Quickness in getting to fires is the prime
essential of effective service, and the dangers incident thereto
risks of the employment.   That the position is one of danger
is manifest from section 519 of the Consolidation Act, which
provides in part as follows: " *   *   * . In case of total per-
manent disability, caused in or induced by the actual perform-
ance of the duties of his position,  *   *   *   the amount of
annual pension to be allowed shall be one-half of the annual
compensation allowed such officer or member as salary at the
date of his retirement from the service," etc.   The plaintiff
availed himself of this provision, and was retired on half pay,
viz., $600 a year.   If a private individual were injured by the
negligence complained of he would not be cared for in this
manner, and the damages recoverable would be his only
compensation.

The Consolidation Act (§ 1932) prohibits driving in the city

at a greater rate of speed than five miles an hour. If a private individual were injured while violating this statute, and the violation in any manner contributed to the injury, no recovery could be had; and if, as in this case, the street was dark and he could see nothing in front of him, the violation would certainly be calculated to contribute to the accident. It is difficult to conceive any logical reason why the same result should not be reached here.

The next question is whether the statute is binding on the fire department. In *Morse* v. *Sweenie*, 15 Brad. 486, the Appellate Court of Illinois held that an ordinance of the city of Chicago as to immoderate driving was as binding upon the fire department as upon drivers of ordinary vehicles, and that the law did not recognize any privileged class, such as members of the fire or police department of the city, as possessing rights so superior to those of other citizens of the state as to exempt the former from the exercise of proper prudence and care in the use of the streets. The question there arose in an action against a fire marshal who, while driving to a fire, negligently ran into the plaintiff's team; but the underlying principle decided reaches this contention.

If the rule were other than that laid down in the case cited, it would follow that the speed at which a driver drives his horses should be left to that care and caution which the exigencies of the occasion require. Thus, prudence would dictate that in a narrow street or in a dark or crowded thoroughfare he should not go with that rapidity warranted in a clear thoroughfare in broad daylight. If the plaintiff disregarded such considerations he would be plainly negligent, and if the imprudence would not be sufficient to prevent recovery of damages by him on the theory of contributory negligence, it would be because it is one of the risks incident to his employment compensated for by section 519 of the Consolidation Act, *supra*.

If the action had been for creating or maintaining a nuisance in the public highway, of which the plaintiff was unaware, and he had without fault on his part run the horses into a

pitfall which the municipality had failed to guard, and he had not accepted compensation for the injury, a different question might arise.

It follows that the defendant's motion to dismiss the complaint should have been granted, and the exception to the refusal presents error for which the judgment and order appealed from must be reversed and a new trial ordered, with costs to the appellant to abide the event.

FREEDMAN, J., concurs.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.